DIXON, JUDGE:
R.B. ("Father") appeals from an order of the Knox Circuit Court, Family Division, rescinding its prior temporary order granting him custody of the parties' minor child, K.B. ("Child"). After careful review, we affirm in part and vacate in part.
On October 18, 2013, a dependency, neglect, and abuse (DNA) petition was filed in Knox Circuit Court pursuant to KRS 620.060,[2] alleging S.M. ("Mother") had *11 been arrested for driving under the influence while Child, who was five years of age, had been left unattended in their residence. A temporary removal hearing[3] was held wherein the court granted temporary custody of Child to Father, as Mother was incarcerated on criminal charges related to the DNA petition. After several additional court dates, eventually a dispositional hearing was held[4] on April 16, 2014, at which Mother stipulated to the allegations, and Child was adjudicated neglected. Temporary custody was maintained with Father and visitation was established for Child and her half-siblings, who are not the subject of this action, as well as with Child and Mother.
In June of 2017, Mother, who was no longer incarcerated, moved the Knox Circuit Court to rescind its temporary custody order. Father filed a response and requested discovery, the appointment of a guardian ad litem , and a full hearing. After several continuances, a hearing on Mother's motion was finally held in January 2018. After this hearing the court entered *12 an order finding: 1) the court had jurisdiction, 2) Mother had sufficiently addressed her substance abuse issues to be able to provide proper care for Child, and 3) it was in Child's best interest to rescind the order granting Father temporary custody. The court rescinded the temporary order but decreed that visitation exchanges were moved from Columbia, Kentucky, to Athens, Tennessee, to be closer to a midway point between Mother and Father.
Thereafter, Father timely filed a motion to vacate judgment of custody pursuant to CR 59.05. For the first time, Father contended the court was without subject matter jurisdiction to proceed. Unbeknownst to the Knox Circuit Court, a prior temporary custody order had apparently been entered in Tennessee in 2010. That order had given temporary custody to Mother.[5] Father argued that, while Kentucky had jurisdiction to enter the original emergency order, it had lost jurisdiction to rescind that order pursuant to the provisions of the UCCJEA.[6] Father argued that, pursuant to KRS 403.822, since Tennessee is the Home State for child custody, and, as the emergency which had permitted Kentucky to assume jurisdiction had passed, only Tennessee possessed jurisdiction to amend any custody order in effect.
The trial court disagreed. It determined that pursuant to KRS 403.828(3), once an emergency custody order was necessary, Kentucky retained jurisdiction until the "Home State" made a subsequent custody determination, which is something it had not done. Therefore, the Knox Circuit Court denied Father's motion, and Father has appealed to this court.
The sole issue presented on appeal is whether the Knox Circuit Court had subject matter jurisdiction to enter the order rescinding its prior order of temporary custody to Father. Subject matter jurisdiction is the court's authority, either by statute or constitutional provision, to hear and decide the type of case presented to it. Daugherty v. Telek , 366 S.W.3d 463, 466 (Ky. 2012). A court is to review the pleadings and determine if, when taken at face value, the pleadings reveal a type of action that is assigned to that court by statute or constitutional provision. Id. "Whether a trial court acts within its jurisdiction is a question of law; therefore, our review is de novo. " Biggs v. Biggs , 301 S.W.3d 32, 33 (Ky. App. 2009) (citing Grange Mut. Ins. Co. v. Trude , 151 S.W.3d 803, 810 (Ky. 2004) ).
In 2004, Kentucky adopted the UCCJEA. Tennessee likewise has adopted the UCCJEA, codified in TCA[7] 36-6-201 et seq. The UCCJEA establishes which state has jurisdiction to render initial child custody determinations as well as jurisdiction to modify or enforce orders from other states. KRS 403.800(4)et seq. The purpose of the UCCJEA is the avoidance of jurisdictional competition and conflict with other states in child custody matters.
*13 Hearld v. Hearld , 278 S.W.3d 162, 164 (Ky. App. 2009).
The parties concede, and this Court agrees, Tennessee had jurisdiction to issue the initial custody determination in 2011.[8] Generally, an issuing state retains exclusive, continuing jurisdiction so long as one parent remains in the issuing state, herein Tennessee, and the issuing state has not declined jurisdiction. KRS 403.824 (Tennessee analog TCA 36-6-217 ). Neither of these conditions occurred herein and, therefore, Tennessee had exclusive, continuing jurisdiction over child custody issues when the DNA petition was filed in Kentucky in 2013.
Nevertheless, while Tennessee possesses Home State jurisdiction, an exception to the general rule of exclusive and continuing jurisdiction arises where temporary emergency jurisdiction is sought. KRS 403.828(1) provides, "[a] court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse."
Both parties agree the Knox Circuit Court had emergency jurisdiction and, therefore, had subject matter jurisdiction to enter the temporary order of custody. We likewise agree. This action was initiated by the filing of a DNA petition which alleged Child was present in Kentucky and neglected based on facts sufficient to establish emergency jurisdiction pursuant to KRS 403.828(3), as necessary to protect the child from mistreatment. The facts here clearly satisfy the emergency jurisdictional requirements of the UCCJEA. The parties disagree whether the circuit court retained subject matter jurisdiction to enter the order rescinding temporary custody.
On appeal, Father makes two arguments: first, that the Knox Circuit Court failed to adhere to the statutory requirements of the UCCJEA; and second, the order rescinding temporary custody qualifies as a modification and, as such, the court did not have subject matter jurisdiction to do so.
We believe there is an initial question which must first be addressed. It is undisputed that the Knox Circuit Court was unaware of the prior custody decree in Tennessee at the time of the initial emergency custody proceedings. Thus, the question arises as to whose duty it was to inform the Knox Circuit Court of the existence of the Tennessee custody determination. Subsection (4) of KRS 403.828, speaks to this issue:
A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under KRS 403.822, 403.824, and 403.826, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to KRS 403.822, 403.824, and 403.826, upon being informed that a child custody proceeding has been commenced in, or a child custody determination had been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the *14 parties and the child, and determine a period for the duration of the temporary order.
(Emphasis added). Unfortunately, nothing within the statute indicates exactly how the court shall be "informed" of custody proceedings in another state. To reiterate, no one ever informed the Knox Circuit Court of the Tennessee custody order until sometime in 2018. Certainly, it was in Father's interest to obtain temporary custody through the emergency proceedings here, giving him no incentive to seek custody in the Home State of Tennessee. It was not until Father stood in jeopardy of losing custody that he informed the court here of the prior custody decree.
According to subsection (4), a court of this state must contact the Home State court and set the duration of the temporary order only after being informed of a prior custody proceeding in another state. This court has been unable to locate any decision from any jurisdiction addressing the meaning of this provision or whose responsibility it is to inform the court that "a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction[.]" Additionally, we would note that the Knox Circuit Court was never asked "to make a child custody determination under this section[.]" Jurisdiction pursuant to KRS 403.828 had never been raised prior to Father's CR 59.05 motion in February 2018.
We believe the parties stand in the best position to inform the court of prior custody proceedings in another state. A plain reading of the statute indicates the burden is not upon the court to ferret out the existence of a sister state's judicial determinations. The statute requires the court to act further only if it has been informed of such proceedings. Certainly, the court has no duty to inform itself. And here, it is undisputed that such information was not provided until 2018. Without such knowledge, the court would have no reason to even contemplate considering the provisions of the UCCJEA.
Father further argues the order rescinding his temporary custody is void because the Knox Circuit Court did not have subject matter jurisdiction to modify the child custody ruling it had previously entered. Specifically, he now argues the circuit court lacked jurisdiction to modify the Knox Circuit Court's temporary order of custody under KRS 403.826, and asserts only Tennessee has that authority. However, as previously addressed, it was incumbent upon Father to notify the court here of the prior custody decree, and, without such knowledge, the court's temporary order remained in effect. Father attempts to retain custody on the basis that the court which granted him custody has no jurisdiction-because of Father's own failure to inform the court of another court's superior jurisdiction. Moreover, an obvious reason Father would not inform the circuit court here of Tennessee's superior right was because Mother had been granted custody pursuant to that Tennessee order.
Clearly, Tennessee retains superior jurisdiction as to custody. Significantly, where a court of this state has properly exercised temporary emergency jurisdiction to award custody, "the court's exercise of temporary emergency jurisdiction does not impinge upon the superior jurisdiction of the [Tennessee] courts to make the final custody determination." Bissell v. Baumgardner , 236 S.W.3d 24, 31 (Ky. App. 2007) ; KRS 403.824.
As to the temporary custody order, Mother did not move the Knox Circuit Court to increase or change her rights to the child as set by Tennessee's initial custody determination; her motion was solely *15 for the court to rescind its own emergency order. The plain language of KRS 403.828(3) evidences the legislature's intent that emergency orders should not continue in perpetuity where another jurisdiction has issued a child custody determination, or, is in the process thereof. We believe the Knox Circuit Court's order rescinding the prior emergency order was therefore proper.
Nevertheless, we agree with Father however, that the Knox Circuit Court, once it was aware of the prior custody decree in Tennessee, did not have jurisdiction to modify Tennessee's custody determination. That portion of the circuit court order changing the location for exchanging the child from Columbia, Kentucky - as apparently previously set by Tennessee in its initial child custody determination - to Athens, Tennessee is a modification as defined by the UCCJEA.[9] Under KRS 403.826, which governs modifications, it is apparent that Kentucky does not meet jurisdictional requirements as Tennessee has not declined its exclusive and continuing jurisdiction, and Father has continuously resided and exercised parenting time in Tennessee.[10] Moreover, the emergency which existed at the time of the court's initial custody determination no longer exists.
Mother, relying on KRS 403.828(2), asserts Kentucky has gained jurisdiction due to fact Tennessee has not superseded its temporary custody order. We reject this argument as KRS 403.828(2), by its plain language, is inapplicable when there is a previous child custody determination that is entitled to be enforced. Therefore, the Knox Circuit Court, once it was aware of the Tennessee order, was without jurisdiction to modify that order, and, thus this portion of the court's order must be vacated.
Therefore, as a result of the foregoing, the order rescinding the Knox Circuit Court order awarding temporary custody of the child to Father is affirmed, but that part of its order modifying the Tennessee custody decree by changing the location of exchanging the child is vacated.
ALL CONCUR.

620.060 provides:
(1) The court for the county where the child ordinarily resides or will reside or the county where the child is present may issue an ex parte emergency custody order when it appears to the court that removal is in the best interest of the child and that there are reasonable grounds to believe, as supported by affidavit or by recorded sworn testimony, that one (1) or more of the following conditions exist and that the parents or other person exercising custodial control or supervision are unable or unwilling to protect the child:
(a) The child is in danger of imminent death or serious physical injury or is being sexually abused;
(b) The parent has repeatedly inflicted or allowed to be inflicted by other than accidental means physical injury or emotional injury. This condition shall not include reasonable and ordinary discipline recognized in the community where the child lives, as long as reasonable and ordinary discipline does not result in abuse or neglect as defined in KRS 600.020(1) ; or
(c) The child is in immediate danger due to the parent's failure or refusal to provide for the safety or needs of the child.
(2) Custody may be placed with a relative taking into account the wishes of the custodial parent and child or any other appropriate person or agency including the cabinet.
(3) An emergency custody order shall be effective no longer than seventy-two (72) hours, exclusive of weekends and holidays, unless there is a temporary removal hearing with oral or other notice to the county attorney and the parent or other person exercising custodial control or supervision of the child, to determine if the child should be held for a longer period. The seventy-two (72) hour period also may be extended or delayed upon the waiver or request of the child's parent or other person exercising custodial control or supervision.
(4) Any person authorized to serve process shall serve the parent or other person exercising custodial control or supervision with a copy of the emergency custody order. If such person cannot be found, the sheriff shall make a good faith effort to notify the nearest known relative, neighbor, or other person familiar with the child.
(5) Within seventy-two (72) hours of the taking of a child into custody without the consent of his parent or other person exercising custodial control or supervision, a petition shall be filed pursuant to this chapter.
(6) Nothing herein shall preclude the issuance of arrest warrants pursuant to the Rules of Criminal Procedure.

Pursuant to KRS 620.080, which provides:
(1) Unless waived by the child and his parent or other person exercising custodial control or supervision, a temporary removal hearing shall be held:
(a) Within seventy-two (72) hours, excluding weekends and holidays, of the time when an emergency custody order is issued or when a child is taken into custody without the consent of his parent or other person exercising custodial control or supervision; and
(b) In cases commenced by the filing of a petition, within ten (10) days of the date of filing.
(2) At a temporary removal hearing, the court shall determine whether there are reasonable grounds to believe that the child would be dependent, neglected or abused if returned to or left in the custody of his parent or other person exercising custodial control or supervision even though it is not proved conclusively who has perpetrated the dependency, neglect or abuse. For good cause, the court may allow hearsay evidence. The Commonwealth shall bear the burden of proof by a preponderance of the evidence and if the Commonwealth should fail to establish same, the child shall be released to or retained in the custody of his parent or other person exercising custodial control or supervision.

Pursuant to 620.090, which provides:
(1) If, after completion of the temporary removal hearing, the court finds there are reasonable grounds to believe the child is dependent, neglected or abused, the court shall issue an order for temporary removal and shall grant temporary custody to the cabinet or other appropriate person or agency. Preference shall be given to available and qualified relatives of the child considering the wishes of the parent or other person exercising custodial control or supervision, if known. The order shall state the specific reasons for removal and show that alternative less restrictive placements and services have been considered. The court may recommend a placement for the child.

The order from Tennessee was never made part of the record. The only custody order from Tennessee properly admitted into the record is an order dated December 10, 2010, in which the court awarded Mother primary custodian of Child until a final hearing. The Court set that hearing date for February 14, 2011. We note that a portion of what appears to be final order, but without a judge's signature, was included in the record on appeal. However, the Knox Circuit Court date stamp on the document is dated May 4, 2018, while Father filed his notice of appeal on April 30, 2018. Consequently, whatever evidentiary value it provides is irrelevant as it was filed after Father appealed. Therefore, we will not consider it.

Uniform Child Custody Jurisdiction and Enforcement Act codified in KRS 403.800 et seq.

Tennessee Code Annotated.

K.B. had resided in Tennessee with her parents for at least six months immediately prior to the commencement of Father's paternity and custody action and Father continues to reside there. TCA 36-6-216 (KRS analog 403.822).

" 'Modification' means a child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination[.]" KRS 403.800(11).

Father asserted in his motion to alter, amend, or vacate and his brief that he filed a petition in Tennessee in 2014 to address custody, but it was never ruled on by the Tennessee courts.